**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
────────────────────────────────────

**UNITED STATES OF AMERICA**

        - against -

**RICHARD RODRIGUEZ,**

              **Defendant.**

────────────────────────────────────

**93-CR-339-01 (JGK)**

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

    The defendant has moved *pro se* for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the recent amendments to the Sentencing Guidelines for most offenses involving controlled substances. By letter dated September 9, 2015, the Government opposed the application.

    The defendant was sentenced on August 16, 1994, and judgment was entered on September 1, 1994.  The defendant was subsequently re-sentenced in a judgment entered on January 8, 1998.  The Amended Judgment deleted a conviction for conspiracy to violate the narcotics laws, but continued to include a conviction for a continuing criminal enterprise in violation of 21 U.S.C. § 848(a) & (c), and two substantive counts for violation of the narcotics laws. The Judgment reflects that Judge Martin, who was then presiding over the case, determined that the Total Offense Level was 40, the Criminal History Category was II, and the Guideline Sentencing Range was 324 to

405 months.  Judge Martin sentenced the defendant principally to 340 months imprisonment.

In connection with the current change in the Sentencing Guidelines, the Probation Department initially determined that the defendant was eligible for re-sentencing.  However, in its September 9, 2015 letter, the Government summarily stated that an examination of the September, 1994 transcript reflected that Judge Martin ultimately relied on § 2D1.5, the Guideline for Continuing Criminal Enterprise, and not § 2D1.1, the Guideline for Substance Abuse Offenses, and therefore the defendant was not entitled to re-sentencing.  The Government also said that the Probation Department agreed with the Government.

The Government's position raises several questions that should be promptly answered by both the defendant and the Government.  The Court will appoint Jennifer Brown of the Federal Defenders of New York to represent Mr. Rodriguez to provide assistance in answering the following questions.  (The Court urges Ms. Brown to consult with Lisa Scolari who previously represented Mr. Rodriguez at the trial and the complicated sentencing proceedings.)

1.  The Government has been unable to locate any transcript for a January 1998 re-sentencing.  How can the Government know what calculation the Court used to arrive at the operative Guideline calculation in 1998?  The Court appears to have

2

considered several possibilities in arriving at the Guideline calculation for the 1994 sentence.

    2.   The sentencing Court found, as repeated in the 1998 Judgment, that the total offense level was 40.  The Court plainly used § 2D1.5, the Guideline for a Continuing Criminal Enterprise, which was the main count of conviction. That Guideline requires the Court to apply the greater of (a) 4 plus the offense level from § 2D1.1 applicable to the underlying offense, or (b) 38.  Because the Court found that the offense level was 40, does it follow that the Court used a variant of the § 2D1.1 Guideline in § 2D1.5(a)(1) because the Offense level was in excess of 38?  On the other hand, could the Court have used level 38 and upwardly departed 2 levels because of the use of a firearm?

    3.   Consulting the September 1994 transcript, is the following a correct analysis of the original Sentencing Guideline calculation: The Court applied § 2D5.1(a)(1) as follows: (1) The amount of drugs produced an offense level of 36 under § 2D1.1; (2) Because a firearm was involved, 2 levels were added under 2D1.1(b)(1); and (3) Four levels were added under § 2D5.1(a)(1), for a total offense level of 42.  However, Judge Martin downwardly departed 2 levels pursuant to his decision in United States v. Genao, 831 F. Supp. 246 (S.D.N.Y. 1993), *aff'd*, 43 F.3d 1458 (2d Cir. 1994), *aff'd in part*, *remanded in part sub*

3

*nom.*, United States v. Lara, 47 F.3d 60 (2d Cir. 1995). Can we be sure that Judge Martin actually used the 2 level increase for the use of a firearm and then applied a 2 level downward departure as opposed to not applying that firearm enhancement when he imposed the January 1998 sentence?  Or, did Judge Martin use level 38 in § 2D5.1(a)(2) and upwardly depart 2 levels because of the use of a firearm?

    4.  Because the sentence may have relied on the § 2D1.1 portion of § 2D5.1(a)(1), and not simply on level 38 under § 2D5.1(a)(2), is re-sentencing appropriate in view of the recently reduced Guideline under § 2D1.1?  Would the application of the reduced Guideline actually result in a reduced sentence?

    5.  If, in fact, Judge Martin had downwardly departed to arrive at an offense level of 40 under § 2D1.5(a)(1), would that preclude a sentencing reduction under the recently reduced Guideline under § 2D1.1?

**CONCLUSION**

    1. Jennifer Brown of the Federal Defenders of New York (52 Duane Street, 10th Floor, New York, NY 10007) is appointed to represent Mr. Rodriguez.

    2.  Counsel for the defendant and the Government are directed to respond to the above questions and any other issues relevant to the defendant's request for resentencing by **January**

**29, 2015.**  The Government should also obtain the views of the Probation Department.

**SO ORDERED.**

**Dated:    New York, New York**
**January 14, 2016**                    _____/s/_____
                                         **John G. Koeltl**
                                **United States District Judge**