**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **93-CR-339-01 (JGK)** |
| - against - | **MEMORANDUM OPINION AND ORDER** |
| **RICHARD RODRIGUEZ,** | |
| Defendant. | |

---

**JOHN G. KOELTL, District Judge:**

The defendant, Richard Rodriguez, has made two motions for a reduction in his sentence pursuant to Amendments 782 and 503 to the U.S. Sentencing Guidelines.  See 18 U.S.C. § 3582(c).  Both motions are denied.[1]

**I.**

The defendant was sentenced on August 16, 1994, and judgment was entered on September 1, 1994.  The defendant was subsequently re-sentenced in a judgment entered on January 8, 1998.  The Amended Judgment deleted a conviction for conspiracy to violate the narcotics laws, but continued to include a conviction for operating a continuing criminal enterprise in

---

[1] In September 2009, this Court rejected an earlier motion by the defendant to reduce his sentence pursuant to Amendment 591 to the Guidelines.  The defendant argued that the sentencing court misapplied the Guideline corresponding to the offense for which the defendant was convicted (§ 2D1.5).  This Court concluded that the sentencing court followed Amendment 591 and properly applied the Guideline.  See United States v. Rodriguez, No. 93cr339(JGK), 2009 WL 2033087, at *2-3 (S.D.N.Y. July 8, 2009).

1

violation of 21 U.S.C. § 848(a) & (c), and two substantive counts for violations of the narcotics laws.

The Government has been unable to locate a copy of the transcript from the 1998 re-sentencing. However, both parties agree that the 1994 sentencing analysis controlled the 1998 re-sentencing and informs the Court's analysis here.

The 1998 Judgment reflects that Judge Martin, who was then presiding over the case, determined that the Total Offense Level was 40, the Criminal History Category was II,[2] and the Guideline Sentencing Range was 324 to 405 months. Judge Martin sentenced the defendant principally to 340 months imprisonment.

In August 2015, the defendant brought a *pro se* motion to reduce his sentence pursuant to Amendment 782 to the Sentencing Guidelines. See 18 U.S.C. § 3582(c); U.S.S.G § 1B1.10(a)(2)(B). Amendment 782, which became effective on November 1, 2014, lowered the guidelines for most drug offenses by reducing most offense levels on § 2D1.1's Drug Quantity Table by two levels. This amendment affects not only defendants sentenced under § 2D1.1, but also any defendant sentenced under a guideline that used the Drug Quantity Table in a cross reference, such as § 2D1.5 (continuing criminal enterprise). Amendment 788 applied

---

[2] Although the defendant contends the sentencing court calculated his Criminal History Category to be I, the judgment reflects the defendant's Criminal History Category to be II.

2

Amendment 782 retroactively to lower the sentences of previously sentenced defendants.

A court may modify the term of a sentence already imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission . . ., if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. 3582(c)(2).  As a general matter, "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual . . ., the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)."  U.S.S.G. § 1B1.10(a)(1).  However, "[a] reduction in [a] defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B); see also United States v. Ponder, No. 06cr481 (JGK), 2012 WL 1570845, at *1 (S.D.N.Y. May 4, 2012).

"As a threshold matter, for a defendant to be eligible for a reduction, the amended Sentencing Guidelines range must be lower than the range that was applied at sentencing."  United

States v. Sanchez, 99 F. Supp. 3d 457, 459 (S.D.N.Y. 2015).  The applicable Sentencing Guidelines range at the time of sentencing must be determined "before consideration of any departure provision in the Guidelines Manual or any variance."  U.S.S.G. § 1B1.10 cmt. n.1(A).  The Court is not permitted to re-impose a previous variance or departure from the Guidelines range unless the defendant previously received a downward departure for providing substantial assistance to the Government.  See United States v. Erskine, 717 F.3d 131, 137 n.6 (2d Cir. 2013); Sanchez, 99 F. Supp. 3d at 459.  The Sentencing Commission's policy statement as announced in U.S.S.G. § 1B1.10 is binding on the Court.  See Dillon v. United States, 560 U.S. 817, 828-30 (2010); see also Ponder, 2012 WL 1570845 at *1.

In this case, the amended Sentencing Guideline range is not lower than the range applied at sentencing.  Therefore, the defendant is not eligible for a reduction.  Under the amended Sentencing Guidelines, the defendant's Total Offense Level is 40, the same Total Offense Level Judge Martin used to sentence the defendant in 1994 and 1998.  The defendant's Criminal History Category remains II, resulting in the same Guideline Sentencing Range of 324 to 405 months used in the 1998 sentencing.

The calculation of the defendant's Total Offense Level under the amended guidelines is reached under the following analysis.

The guideline for a continuing criminal enterprise, § 2D1.5, provides that the base offense level is the *greater* of (a) 4 plus the offense level from § 2D1.1 applicable to the underlying offense; or (b) 38.  It is, thus, necessary to calculate the offense level from § 2D1.1.

The Court adopts the sentencing court's determination that the defendant possessed at least ten kilograms but less than thirty kilograms of heroin.  See Aug. 16, 1994 Tr. at 5, 28. Under the amended guidelines, the defendant's base offense level is 34.  U.S.S.G. § 2D1.1(a)(5); § 2D1.1(c)(3).  The defendant was found to have possessed a gun in the commission of his drug activities, Aug. 16, 1994 Tr. at 32, thus warranting adding 2 points to the offense level, for a total of 36, pursuant to U.S.S.G. § 2D1.1(b)(1).  The defendant was found to have participated in a continuing criminal enterprise.  Aug. 16, 1994 Tr. at 74.  Accordingly, his offense level is increased by 4, resulting in a Total Offense Level of 40.  See U.S.S.G. § 2D1.5 (mandating that the offense level of a defendant in a continuing criminal enterprise is the greater of 38 or 4 plus the offense level from § 2D1.1 applicable to the underlying offense).

At the defendant's 1994 sentencing Judge Martin arrived at the same Total Offense Level of 40, but he did so through a downward departure.  Judge Martin found the defendant's base offense level to be 36 under § 2D1.1 as a result of the defendant's possession of ten to thirty kilograms of heroin. See Aug. 16, 1994 Tr. at 5, 28.  Judge Martin then added 2 points for the defendant's possession of a firearm, increasing the defendant's offense level to 38 pursuant to § 2D1.1(b)(1). Aug. 16, 1994 Tr. at 32.[3]  Judge Martin added 4 points under § 2D1.5 because the defendant engaged in a continuing criminal enterprise for a total offense level of 42.  See Aug. 16, 1994 Tr. at 31 ("The basic point is that, because the guideline for continuing criminal enterprise says it's the base offense level . . . plus 4"); Aug. 16, 1994 Tr. at 33 ("[U]nder the continuing criminal enterprise analysis it's 40 plus 2 . . . .").  Thus, Judge Martin found the defendant's pre-departure offense level to be 42. Aug. 16, 1994 Tr. at 74 ("[D]efinitely 42 is the offense level before departure."). Judge Martin then made a downward departure using the departure analysis he outlined in United States v. Genao, 831 F. Supp. 246 (S.D.N.Y. 1993), aff'd, 43 F.3d 1458 (2d Cir. 1994), aff'd in part,

---

[3] Although Judge Martin initially added the two points for the gun after conducting the § 2D1.5 analysis, he later acknowledged that the analysis pursuant to § 2D1.1 "includes the gun." Aug. 16, 1994 Tr. at 79.

remanded in part sub nom., United States v. Lara, 47 F.3d 60 (2d Cir. 1995). See Aug. 16, 1994 Tr. at 72 ("[T]he Genao analysis is in fact a departure analysis."). This departure analysis involved recalculating the quantity of drugs used in the guidelines by taking into account whether a defendant possessed the entire quantity at once or whether he possessed a quantity totaling that amount over a period of time. While Judge Martin found that the full Genao analysis would have called for a departure down from 42 to 38, Judge Martin only departed from 42 to 40 because the defendant sanctioned the use of violence as part of the criminal enterprise. Aug. 16, 1994 Tr. at 79 ("I think it appropriate to consider that application note 2 to 2D1.5 suggests that if a part of the enterprise is the defendant sanctions the use of violence, an upward departure may be warranted."); see also U.S.S.G. § 2D1.5 app. n. 2 (noting that, if a defendant sanctions the use of violence as part of a criminal enterprise, an upward departure may be warranted). Judge Martin thus arrived at a Total Offense Level of 40 by a downward departure of 2 levels.

The Government argues that Judge Martin arrived at the total offense level of 40 by using the Genao analysis to calculate the defendant's drug quantity and then making an upward departure. The Government contends that Judge Martin concluded that, added together, the sum of the defendant's base

7

offense level for the Genao-calculated drug quantity under § 2D1.1, the 2 level increase for use of a firearm, and the 4 level increase under § 2D1.5 for a continuing criminal enterprise, was less than or equal to 38.  The Government asserts that Judge Martin thus reached an offense level of 38 under § 2D1.5 and then made an *upward* adjustment of 2 offense levels to 40 because the defendant sanctioned the use of violence as part of the enterprise.  However, the Government misreads the record.  Judge Martin was plainly using the Genao methodology as a departure analysis and not as a method of calculating the defendant's drug quantity in the first instance. See Aug. 16, 1994 Tr. at 68 ("It seems to me that obviously Genao is a departure analysis . . . ."); Aug. 16, 1994 Tr. at 72 ("[T]he Genao analysis is in fact a departure analysis."); Aug. 16, 1994 Tr. at 74 ("Before departure it is 42 . . . ."); cf. United States v. Guzman, 611 F. Supp. 2d 369, 371 (finding a sentencing court's Genao analysis not to be a departure when "[a]t no time did [the sentencing court] characterize this as a departure, let alone calculate what the offense level would otherwise have been absent a departure . . . .").

In any event, even if Judge Martin had reached the Total Offense Level of 40 through the analysis the Government contends he used, the result of this motion would be the same. Under both the conclusion drawn at the defendant's sentencing, however

8

reached, and the analysis called for by the amended guidelines, the defendant has a Total Offense Level of 40 and a Criminal History Category of II.  Under both the 1994 guidelines applied at the defendant's sentencing and the current guidelines, a sentence of 324 to 405 months is warranted.  The defendant has failed to show that he is eligible for a reduction because the amended Sentencing Guidelines range is not lower than the range that was applied at sentencing.  See Sanchez, 99 F. Supp. 3d at 459.

The defendant requests that the Court make a downward departure of his Total Offense Level from 40 to 38, just as Judge Martin departed from 42 to 40 during the defendant's sentencing.  This Court does not have the power to make such a departure.  See Erskine, 717 F.3d at 137 n.6 (2d Cir. 2013)("[Section] 1B1.10 . . . does not permit a district court to apply a previous variance or departure to sentence outside the reduced Guidelines range unless the defendant previously received a downward departure based on substantial assistance to the Government."); Sanchez, 99 F. Supp. 3d at 459.  The amended Sentencing Guidelines range and the range applied at the defendant's sentencing are the same.  The defendant is ineligible for a sentencing reduction.

Accordingly, the motion for a reduction in sentence pursuant to Amendment 782 is **denied**.

9

## II.

In October, 2014, the defendant moved *pro se* to reduce his sentence based on the argument that Amendment 503 to the Guidelines should apply retroactively to his conviction and reduce the amount of drugs attributable to him for sentencing purposes. The defendant argued that the Amendment applied retroactively and, if correctly applied, would have resulted in a lower sentence. The argument has no merit.

The Amendment provides that, for purposes of the relevant conduct provision of the Guidelines, § 1B1.3, "a defendant may not be held responsible for his co-conspirators' conduct before he joined the conspiracy, even if he knew about that conduct." Cook v. United States, No. 03cv7922 (SWK), 2006 WL 3333068, at *3 (S.D.N.Y. Nov. 15, 2006) (citing U.S.S.G. app. C amend. 503).

Amendment 503, which became effective on November 1, 1994, was in effect in 1998 when the defendant was re-sentenced, and "[a] sentencing court must generally apply the version of the Guidelines that is in effect at the time of sentencing, unless there is an *ex post facto* problem," and there is no *ex post facto* issue here. United States v. Rodriguez, 989 F.2d 583, 587 (2d Cir. 1993) (internal citation omitted).

The defendant cannot use § 3582 to challenge the sentence that was imposed when the amendment was in effect at the time of sentence. This motion is not an effort to reduce the sentence

based on an amendment that was made retroactive to the date of sentence, as Amendment 782 was.  It is a challenge to the sentence as it was imposed.  Such a challenge can only be raised on direct appeal or in a challenge under 28 U.S.C. § 2255, but the time for such a challenge has passed.

In any event, there is no merit to the argument.  Judge Martin's evaluation of the relevant conduct for purposes of sentencing was entirely consistent with Amendment 503.  Judge Martin only considered the defendant's or his co-conspirators' conduct while the defendant was a party to the continuing criminal enterprise.  See, e.g., Aug. 16, 1994 Tr. at 28-29.

Accordingly, the motion for a reduction in sentence pursuant to Amendment 503 is **denied**.

For the reasons stated above, the defendant's two motions for a reduction in sentence are **denied**.

The Clerk is directed to close all pending motions.

**SO ORDERED.**

**Dated:**    **New York, New York**
              **June 10, 2016**

                              _____/s/_____
                                    **John G. Koeltl**
                              **United States District Judge**